

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00023-CR

CEDRIC DAMAR FORD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 19F1203-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Cedric Damar Ford pled guilty to tampering with physical evidence, a third-degree felony. *See* TEX. PENAL CODE. ANN. § 37.09 (Supp.). The trial court sentenced Ford to ten years' imprisonment and imposed a $1,500.00 fine but, pursuant to Ford's plea bargain with the State, suspended the sentence in favor of placing Ford on community supervision for five years. The terms and conditions of Ford's community supervision required him to refrain from consuming alcohol, among other things. After Ford admitted to consuming alcohol on three separate occasions, the State filed a motion to revoke his community supervision. After an evidentiary hearing, the trial court granted the State's motion and reinstated Ford's previously assessed sentence. Ford appeals.

Ford's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California. Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Counsel mailed to Ford copies of the brief, the motion to withdraw, and the appellate record. Ford was informed of his rights to review the record and file a pro se response. On May 27, 2025, we informed Ford that his pro se brief was due on or before June 26. By letter dated July 8, this Court informed Ford that the case would be set for submission on July 29. We received neither a pro se response from Ford nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

Charles van Cleef
Justice

Date Submitted:     July 29, 2025
Date Decided:      September 3, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.

3